■ SKYWAY ROOFING, INC., Respondent, v RONDOUT VALLEY CENTRAL SCHOOL DISTRICT et al., Appellants. [766 NYS2d 389] —Rose, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered April 24, 2002 in Ulster County, which granted plaintiff's motion for summary judgment dismissing defendants' counterclaim.

Defendant Rondout Valley Central School District (hereinafter the District) contracted with plaintiff to perform roof construction at two of the District's school buildings. In the course of the work, plaintiff installed a temporary drainage system that proved inadequate to prevent heavy rainstorms from causing damage to one of the buildings. Within a few days, on August 18, 1999, the parties met to discuss the water leakage and plaintiff agreed to be responsible for the resulting damage. Repairs were then made by the District in October 1999, for which plaintiff paid approximately $10,000. Subsequently, despite a certificate issued by the District's architect in February 2000 indicating that plaintiff had fully performed its contract and was entitled to full payment, the District withheld final payment. Plaintiff then commenced this action in August 2000 to recover the final payment, and defendants asserted a counterclaim alleging a breach of the contract and seeking an additional $139,079 for water damage.

Following discovery, plaintiff moved for summary judgment dismissing defendants' counterclaim on the ground that the District failed to give timely written notice of its claim as required by the contract. Plaintiff also argued that its payment for the repairs performed by the District constituted an accord and satisfaction. Defendants argued that no accord was reached as to the additional damages because the extent and amount of its claim were unknown and unresolved when plaintiff agreed to be responsible for repairs. Defendants also

argued substantial compliance with the contract's notice requirements, asserting that the parties' discussion at their meeting gave plaintiff actual notice of its claim. Noting the inconsistency of defendants' arguments, Supreme Court granted plaintiff's motion, and defendants now appeal. Since there is no genuine dispute that the additional damages sought in defendants' counterclaim were not addressed or even discovered at the time of the parties' meeting, we find no merit in defendants' argument that plaintiff received timely actual notice of this claim in substantial compliance with the notice requirements of the contract.

The notice requirements in subparagraphs 4.3.9 and 4.3.10 of the contract here provide that written notice of property damage shall be given within 21 days of first observance. "The notice shall provide sufficient detail to enable the other party to investigate the matter," and "[a]ll [such] written claims for damages * * * shall include time of occurrence, location and other identifying factors." Arguing only that the August 1999 meeting provided sufficient actual notice to plaintiff, defendants do not contend that the damages now claimed were addressed at that meeting or at any time until they interposed their counterclaim in this action over one year later. While a claim for mold damage was raised in May 2000, it was later dropped and not included in the counterclaim. As a result, Supreme Court properly granted plaintiff's motion based upon defendants' failure to provide timely actual notice of the additional claims asserted in the counterclaim.

Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.